UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| JONATHAN NEVIASER, | : | |
| Plaintiff, | : | |
| v. | : | File No. 1:12-CV-48 |
| MAZEL TEC, INC. d/b/a PINNACLE SKI & SPORTS | : | |
| Defendant. | : | |

MEMORANDUM AND ORDER
(Doc. 5)

I.   Introduction

Plaintiff Jonathan Neviaser (Neviaser or Plaintiff) brings this action against Mazel Tec, Inc. d/b/a Pinnacle Ski & Sports (Pinnacle or Defendant) alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., Vermont's Minimum Wage and Overtime Law (MWOL), 21 Vt. Stat. Ann. § 384, and the "clear and compelling public policies" of the state of Vermont.  (Doc. 1.)  Neviaser seeks punitive damages, back pay, front pay, liquidated damages, interest, costs, and attorneys' fees.  Defendant moves to dismiss counts two, three and four under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  (Doc. 5.)  Neviaser opposes the motion.  (Doc. 11.)  For the reasons stated below, the Court grants the motion.

II.   Background

The following facts are assumed to be true for purposes of the pending motion and are gleaned from the complaint (Doc. 1).  Neviaser worked at Defendant's store, Pinnacle Ski & Sports, in Stowe, Vermont from time to time for eleven years.  In May 2011, he was an inventory

coordinator in Defendant's warehouse with duties involving physically organizing the warehouse, unpacking boxes of goods, and moving boxes of goods from the warehouse to the store in his personal vehicle.  Neviaser did not supervise anyone or exercise independent judgment, performed his job duties satisfactorily, and had an excellent work history.  After he began to receive a salary of $650 per week, Defendant pushed him to work in excess of forty hours per week and, between May 2011 and November 28, 2011, Neviaser worked approximately fifteen hours of overtime.

On the morning of November 28, Neviaser complained to his supervisor that Defendant was violating the law by not paying him overtime.  That afternoon, he was demoted.  He told his supervisor he would be filing a complaint with the Labor Department.  Immediately thereafter, at approximately 5:00 p.m., the supervisor fired him.  That evening, Neviaser called the Defendant's owner, leaving a message.  The owner called back, asking Neviaser if "this is the way you really want to handle this situation?"  (Doc. 1 ¶ 24.)  Neviaser replied the issue was about Defendant paying him and others illegally, and the owner responded "don't worry about them; you are not working here anymore," and "if you want to go ahead and file a complaint with the Labor Department, go ahead and do it."  Id. ¶25.

Neviaser does not allege he filed a complaint with the labor department or any other government agency.  He initiated this action in March 2012.

III.    Discussion

    A.    Legal Standard

A motion to dismiss tests the legal rather than the factual sufficiency of a complaint. See, e.g., Sims v. Ortiz, 230 F.3d 14, 20 (2d Cir. 2000).  The Court will grant a motion to dismiss only if the pleader fails to show a "plausible entitlement to relief."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The Court accepts the facts alleged in the pleading as true, draws all reasonable inferences in favor of the pleader, and dismisses only "if the facts as alleged are insufficient to raise a right to relief above the speculative level."  Price v. N.Y. State Bd. of Elections, 540 F.3d 101, 107 (2d Cir. 2008) (citation and internal quotation marks omitted).  A complaint must state a plausible -- not just possible -- claim for relief to survive a motion to dismiss.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  Determining whether a complaint survives a motion to dismiss requires the court to make a "context-specific" analysis and "draw on its judicial experience and common sense."  Id. at 1950 (internal citations omitted).

    B.    Count II

Defendant moves to dismiss count two of Plaintiff's complaint alleging his termination constituted unlawful retaliation under the FLSA, 29 U.S.C. § 215.  (Doc. 5 at 3-6.)  Section 215 provides:

> [I]t shall be unlawful . . . to discharge . . . any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3).  The Second Circuit has held only the filing of formal complaints to a government authority is protected under the FLSA:  an informal complaint made directly to an

employer does not constitute protected activity.  Lambert v. Genesee Hosp., 10 F.3d 46, 55 (2d Cir. 1993).  Recently, the Supreme Court held oral as well as written complaints suffice to "fall within the scope of the phrase 'filed any complaint' in the [FLSA's antiretaliation provision."  Kasten v. Saint-Gobain Performance Plastics Corp., 131 S. Ct. 1325, 1336 (2011).  The Court, however, specifically noted, in declining to consider an argument that the antiretaliation provision applies only to complaints filed with the government, that "[r]esolution of the Government/private employer question is not a predicate to an intelligent resolution of the oral/written question that we granted certiorari to decide. . . . [W]e state no view on the merits of [the] alternative claim."  Id. (internal quotation marks and citation omitted).

      The parties dispute whether Kasten has abrogated Lambert's holding regarding complaints to supervisors.  Compare Doc. 5 at 4-5 with Doc. 11 at 3-6.  Plaintiff acknowledges Kasten "declined to expressly resolve the government/private employer question."  (Doc. 11 at 6.)  Accordingly, the Court holds the holding of Lambert -- that complaints to supervisors do not suffice as a protected activity -- is controlling.  Accord Ryder v. Platon, No. 11-CV-4292, 2012 WL 2317772, at *7-8 (E.D.N.Y. June 19, 2012); Hyunmi Son v. Reina Bijoux, Inc., 823 F. Supp. 2d 238, 244 (S.D.N.Y. 2011).

      Therefore, while Neviaser's claim does not fail because his complaint was made orally, it fails because the only alleged complaints were made to his supervisor and the Defendant's owner and not a government authority.  (Doc. 1 at 3-4.)  Plaintiff's alternative argument that the facts of his case are distinguishable from the facts of Lambert also misses the mark.  (Doc. 11 at 6-7.)  Plaintiff argues because he informed Defendant he would be filing a complaint with a governmental agency, but was terminated prior to doing so, he makes out a claim for retaliatory

4

discharge.  Id.  The flaw in Plaintiff's argument is that the FLSA requires that a complaint has actually been filed.  See 29 U.S.C. § 215(a)(3) (unlawful to discharge an employee "because such employee has filed any complaint").  Given Lambert's holding that a complaint made to a supervisor does not suffice, Plaintiff has not stated a claim for unlawful retaliation under the FLSA.

Defendant's motion to dismiss count two of the complaint is granted.

C.	Count III

Defendant also moves to dismiss count three of Plaintiff's complaint alleging Defendant's demotion and termination of Plaintiff is a willful violation of the clear and compelling policies of the State of Vermont.  (Doc. 5 at 6-8.)  Defendant argues there is no such public policy in Vermont, as evidenced by the legislature not including a remedy for retaliatory discharge in the Minimum Wage and Overtime Law, and even if there were, such a cause of action would be preempted by the FLSA or the Vermont MWOL.  Id. at 5-7.  Plaintiff argues there is a public policy in the state of Vermont protecting an employee from discharge for requesting wages owed.  (Doc. 11 at 8.)

Under Vermont law, an at-will employee may be discharged at any time with or without cause, "'unless there is a clear and compelling public policy against the reason advanced for the discharge.'"  Dulude v. Fletcher Allen Health Care, Inc., 807 A.2d 390, 397 (Vt. 2002) (citing Jones v. Keogh, 409 A.2d 581, 582 (Vt. 1979)).  An at-will employee may maintain a separate, independent claim for wrongful discharge in violation of public policy.  Dulude v. Fletcher Allen Health Care, Inc., 807 A.2d 390, 397 (Vt. 2002) (citing Payne v. Rozendaal, 520 A.2d 586, 588 (Vt. 1988)).  The Vermont Supreme Court has defined public policy as "the community

5

commonsense and common conscience, extended and applied throughout the state to matters of public morals, public health, public safety, public welfare, and the like," and "when an employer's course of conduct with regard to an at-will employee is cruel or shocking to the average person's conception of justice, such conduct must be considered contrary to public policy even if the policy is not explicitly set forth in our written laws." Adams v. Green Mountain R.R. Co., 862 A.2d 233, 235 (Vt. 2004) (internal quotation marks and citations omitted).

In a one-paragraph allegation, Neviaser claims his demotion and termination for asserting his right to overtime under the FLSA and MWOL is a willful violation of the clear and compelling policies of the state of Vermont. (Doc. 1 ¶ 35.) In opposition, he attempts to flesh out this threadbare claim by pointing to the Vermont public policy that "workers employed in any occupation should receive wages . . . to be fairly commensurate with the value of the services rendered." (Doc. 11 at 8 (citing 21 Vt. Stat. Ann. § 381).) And since the legislature has also mandated overtime pay, 21 Vt. Stat. Ann. § 384, "it has determined that such wages are required in accordance with the public policy of the State of Vermont. Denying an employee the wages that are owed to him in accordance with the public policy of the State of Vermont, and then discharging said employee for demanding such wages, is necessarily, a violation of the public policy." (Doc. 11 at 8.)

In full, the public policy Neviaser has cited requires "workers employed in any occupation should receive wages sufficient to provide adequate maintenance and to protect their health, and to be fairly commensurate with the value of the services rendered." 21 Vt. Stat. Ann.

§ 381. Neviaser has not pointed to any source of a Vermont public policy against demotion or termination for asserting his right to overtime other than section 381.

At this stage in the litigation, the Court assumes the factual allegation of Plaintiff's complaint, that he is owed overtime wages for approximately fifteen hours of work between May 2011 and the end of November 2011, is true.  As a matter of law, however, the Court does not find there is a clear and compelling public policy here, where Plaintiff seeks payment for approximately one extra hour of work performed, on average, once every two weeks because Defendant's course of conduct is not cruel or shocking.

The Vermont Supreme Court has noted:

> While full employment and employer-employee harmony are noble goals to which society aspires, they alone do not present the clear and compelling public policies upon which courts have been willing to rely in upholding an action for discharge of an employee at will.  Nor is the fact that bad faith, malice and retaliation are motives upon which we look askance sufficient to impel us to find a clear and compelling public policy where . . . there is none.

Jones v. Keogh, 409 A.2d 581,582 (Vt. 1979) (refusing to find a public policy against discharge in retaliation for asserting rights in connection with vacation time and sick leave).

Thus, drawing on judicial experience and common sense, as Iqbal directs, the Court grants the motion to dismiss count three of the complaint.

    D.    Count IV

Lastly, Defendant moves to dismiss count four of Plaintiff's complaint alleging a cause of action for punitive damages.  (Doc. 5 at 8-9.)  Because Neviaser acknowledges a claim for punitive damages is not a standalone claim (Doc. 11 at 11), count four is dismissed.  Amending

the complaint is not necessary as the other claims for relief include a request for punitive damages and the allegations of paragraph 38 remain.

IV.     Conclusion

For the reasons discussed above, Defendant's motion to dismiss counts two, three and four of Plaintiff's complaint is GRANTED.  The Court will contact the parties shortly to schedule a status conference.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 25th day of July, 2012.


/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge

8